FILED

2017 JAN 31 PM 4:30

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DISTRICT
ORLANDO DIVISION

MTGLQ INVESTORS, LP.

    Plaintiff,

vs.                                             CASE NO.: 3:17-cv-122-J-39PDB

ROSA M. MORALES

    Defendants.

_____/

**COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Plaintiff is a limited liability company whose members are individuals domiciled in and citizens of Texas per 28 U.S.C. § 1332.

2. The Defendant is an individuals domiciled in and citizen of Florida per 28 U.S.C. § 1332.

3. Per 28 U.S.C. § 1332, the parties are diverse and the amount in controversy exceeds $76,000.00, per the value of the realty at issue and/or relief sought from plaintiff's perspective. **Cohen v. Office**, 204 F.3d 1077 (11th Cir. 2000); **Occidental v. Bullard**, 995 F.2d 1046 (11th Cir. 1986) Value may be determined by an instrument governing the property, such as those at issue. **Waller v. Prof.**, 296 F.2d 547 (5th Cir. 1961); The Court has sole jurisdiction as to

1

the Property at issue. **_Wabash v. Adelbert_**, 208 U.S. 54 (1907) Per 28 U.S.C. § 1367, jurisdiction exists over all claims in this case and/or controversy.

4. The case concerns realty and/or debt and/or relief as to same, valued by Plaintiff over $76,000.00, including damages/fees recoverable by contract and/or statute.

5. Personal jurisdiction exists and is proper per Fla. Stat. § 48.191 and/or the Constitution as Defendants reside in and/or conduct business in Florida and/or claim ownership, lien or other interests in the realty at issue.

6. Under 28 U.S.C. § 1391 and § 89, venue is proper as the Defendants reside in this District and/or a substantial part of the events or omissions giving rise to the claim occurred, the location of the real property at issue.

7. The real property at issue is described as:

Lot 12 Nicholas Court, according to the map or plat thereof, as recorded in Plat Book 22, Page 55, of the Public Records of Duval County Florida.

3658 Nicholas Circle South, Jacksonville FL  32207
8. On 4/7/06, Mesud Besic in whom title was vested, executed a Warranty Deed, conveying the Property, to the married Defendants, recorded 4/7/06, Book 13182, Page 2378.

9. On 4/7/06, Defendant Pozo executed and delivered a

Note in the principal sum of $120,000.00 to Allied Mortgage Capital Corporation, to purchase the Property.

10. On 4/7/06, the Defendants executed and delivered a Mortgage to Mortgage Electronic Systems [MERS] nominee for Allied, securing the Property as collateral for the Note, recorded 4/7/06, Book 13182, Page 2380.

11. On 8/10/11, MERS executed an assignment of the Mortgage to Plaintiff recorded 9/28/11, Book 15725, Page 87.

12. Allied assigned and transferred the Note and/or all interest in it to Plaintiff as provided by law.

13. Defendants breached Plaintiff's Note and/or Mortgage, which remain in effect as to the Property, failing to make loan payments and/or not fulfilling other obligations under them, which are in default.

14. Plaintiff held and/or owned its Note and Mortgage and/or claims in this matter and had standing to enforce them prior to commencing suit, their principal balance exceeding $76,000.00, plus attorney's fees as provided by law.

15. All interests in the Property are subject to, subordinate and inferior to Plaintiff's senior interest, of which the Defendants had notice and/or knowledge, from which

they benefitted, who will not be prejudiced or subjected to injustice by the relief sought.

16. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

### COUNT I: JUDICIAL FORECLOSURE OF REAL PROPERTY AND RELATED RELIEF AGAINST ALL DEFENDANTS

17. ¶ 1-16 are incorporated by reference.

18. Defendants breached Plaintiff's Note and/or Mortgage, failed to make payments on them and did not otherwise comply with them, still in effect on the Property.

19. Plaintiff accelerated the principal balance of its Note and Mortgage, of which the Defendants were given notice and/or notice was not required and/or is futile.

20. Per 28 U.S.C. § 2201 and § 2001 *et seq*, Fla. Stat. § § 86.011 *et seq*, § 65.011 *et seq*, § 701.01 *et seq*, § 45.011 *et seq* and applicable principles, Plaintiff requests the Court declare, establish and judicially foreclose its senior interest in the Property, its fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note, Mortgage and/or loan, in excess of $ 76,000.00, plus interest, charges, expenses, costs and fees, taxes and

abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption.

### COUNT II: POSSESSION AND RELATED RELIEF AGAINST THE DEFENDANTS AND/OR ALL OTHERS

21.  ¶ 1-16, ¶ 20 are incorporated by reference.

22.  The Defendants and/or others occupy and possess the Property, which Plaintiff and/or any purchaser at sale is entitled to post-sale possession and/or payments.

23.  Per Fed. R. Civ. P. 64, Fla. Stat § 66.011 *et seq* and applicable law, Plaintiff requests the Court award sole possession of the Property to it and/or any other purchaser at sale, ejecting the Defendants and/or any others.

### COUNT III: ENFORCEMENT OF INSTRUMENTS AND RELATED RELIEF AGAINST DEFENDANT POZO

24.  ¶ 1-16, ¶20 and ¶23 are incorporated by reference.

25.  Plaintiff's Note and Mortgage are in default and Defendant Pozo is indebted to Plaintiff for their principal balance, in excess of $76,000.00, plus attorney's fees, pre-judgment and post-judgment interest and costs.

26.  Plaintiff may simultaneously pursue the remedies of foreclosure, possession and suit on the indebtedness.

27. Plaintiff requests that the Court award damages against Defendant Pozo for the full principal due on its Note and Mortgage, exceeding $76,000.00, plus pre and post-judgment interest, attorney's fees and costs.

28. The individual Defendants are not currently in and have not been in the military for the last 30 days and are not subject to protection under 50 U.S.C. §3901 *et seq*.

WHEREFORE, Plaintiff prays for the following relief:

a) Per Count I, that the Court declare, establish and judicially foreclose its senior interest in the Property, its fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note/Mortgage, plus interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption; and

b) Under Count II, the Court award sole possession of the Property to Plaintiff and/or any other purchaser at sale, ejecting the Defendants and/or any others;

c) Under Count III, the Court award damages against Defendant Pozo for the full principal due on its Note and

Mortgage, plus pre and post-judgment interest, attorney's fees and costs; and

    d)    All other just and proper relief.

Respectfully submitted this 31st day of January, 2017.

        By:    */s/Paul G. Wersant*
              Paul G. Wersant
              Florida Bar No. 48815
              100 Galleria Parkway, Suite 960
              Atlanta, Georgia 30339
              Telephone: (770) 373-4242, Ext: 2476
              Fascimile: (770) 373-4260
              Email: pwersant@alaw.net
              Attorney for Plaintiff